# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

RONALD WAYNE ROBERTSON,    :
AIS 241992,

                               :

       Petitioner,

                               :

vs.                                                CA 10-0375-CG-C

                               :

RICHARD ALLEN, Commissioner of
the Alabama Department of Corrections, :

       Respondent.


## REPORT AND RECOMMENDATION

Ronald Wayne Robertson, a state prisoner presently housed at Fountain Correctional Facility, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1) This matter has been referred to the undersigned for the entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that the instant petition be dismissed as time barred under the Anti-Terrorism and Effective Death Penalty Act's one-year limitations provision contained in 28 U.S.C. § 2244(d).

## FINDINGS OF FACT

1.      On May 18, 2005, petitioner was convicted, following a trial by jury, of first-degree rape and first-degree sexual abuse. (*Compare* Doc. 1, at 2 *with* Doc. 12, Exhibit A, Case Action Summary Sheet, at 3) On July 15, 2005, Robertson was sentenced

to life imprisonment for the rape and a consecutive ten year term of imprisonment for sexual abuse. (Doc. 5, Exhibit A, Case Action Summary Sheet, at 3)

2. Petitioner filed written notice of appeal on July 18, 2005. (*Id*. at 4) The Alabama Court of Criminal Appeals affirmed petitioner's convictions and sentences by memorandum opinion entered on May 19, 2006. (Doc. 12, Exhibit F) The appellate court specifically rejected Robertson's sufficiency-of-the-evidence claim[1] and double jeopardy

---

[1] The following facts were set forth by the Alabama Court of Criminal Appeals:

The record reflects that 12 year old B.W. testified that when she was approximately 9 years old Robertson was her grandmother's boyfriend who was frequently at her grandmother's house. She testified that when she was nine years old, Robertson told her to go into his room, take her clothes off, and lie on the bed, which she did. She testified that Robertson then got on top of her and inserted his finger into her vagina. Robertson then inserted his penis into her vagina. B.W. testified that "it hurt really bad" and she was scared. B.W. testified that as Robertson was having intercourse with her she made excuses as to why she needed to leave, such as she was thirsty. Finally he told her to get something to drink and come back to the room. She left the bedroom and attempted to hide from Robertson to call her grandmother; Robertson, however, found her naked hiding by the garbage and told her to get back in his room. B.W. testified that Robertson threatened to hurt her family if she told anyone.

B.W. testified that on another occasion at her grandmother's house, Robertson put a blanket over B.W. and himself as the two were sitting in a rocking chair and rubbed her under her clothes. B.W. eventually reported the abuse to her minister and the abuse was reported to the authorities.

B.W.'s mother, C.W., testified that B.W. stayed with C.W.'s mother while C.W. was at work. C.W. testified that she saw Robertson occasionally at her mother's house and B.W. sometimes was in Robertson's room.

(Continued)

argument. (*Id.*) Petitioner's application for rehearing was denied by the Alabama Court of Criminal Appeals on June 20, 2006. (Doc. 12, Exhibit A, Case Action Summary Sheet, at 4) A certificate of final judgment of affirmance was issued by the Alabama Court of Criminal Appeals on August 11, 2006. (Doc. 12, Exhibit G)[2]

3.      Thereafter, petitioner did nothing until he filed a Rule 32 petition seeking collateral relief in the Circuit Court of Mobile County, Alabama on December 8, 2008. (*Compare* Doc. 1, at 4 (petitioner's representation that he filed his Rule 32 attack on December 8, 2008) *with* Doc. 12, Exhibit A, Case Action Summary Sheet, at 5 (reflecting a filing date of December 8, 2008)) Robertson raised numerous issues in his Rule 32 petition, as amended. (*See* Doc. 12, Exhibit A,   PETITION FOR RELIEF FROM CONVICTION OR SENTENCE and Motion to Amend) An evidentiary hearing was held over the course of two days, specifically May 28-29, 2009 (Doc. 12, Exhibit A, Rule 32

---

         After B.W. reported the abuse to her minister, she was referred by child services to John Shriner, a pediatrician specializing in child abuse. Shriner examined B.W. and discovered that she had tearing and scarring on her hymen. He testified that the injuries were consistent with intercourse.

         Robertson testified that he never abused or raped B.W.

(Doc. 12, Exhibit F, at 1-2 (internal citations omitted))

[2]      Between the time the Alabama Court of Criminal Appeals denied Robertson's application for rehearing and issued its certificate of final judgment of affirmance, the Alabama Supreme Court apparently denied Robertson's petition for writ of certiorari (*see* Doc. 1, at 3-4 (petitioner's statement that he filed a petition for writ of certiorari which was denied on August 11, 2006)) because the state has added ninety (90) days to the date upon which the certificate of final judgment of affirmance was issued by the Alabama Court of Criminal Appeals.

Evidentiary Hearing Transcript, at 1-60); the trial court denied the petition as time-barred

and also on the merits (Doc. 12, Exhibit A, June 30, 2009 ORDER).

Petitioner's claims regarding the Constitution of the United States
or of the State of Alabama which would require a new trial, a new sentence
proceeding, or other relief are precluded. A Court shall not entertain a
petition for relief from conviction or sentence on the grounds specified in
Rule 32.1(a) unless the petition is filed within one (1) year after the
issuance of the certificate of judgment by the Court of Criminal Appeals. R.
32.2(c). This petition was filed more than two (2) years after the Court of
Criminal Appeals issued its certificate of judgment.

Petitioner's claims are also without merit. In order to show that
counsel was ineffective, Petitioner would have to show unto this Court (1)
that his Counsel's performance was deficient, and (2) that he was
prejudiced by that deficient performance. To sufficiently plead an
allegation of ineffective assistance of counsel, a Rule 32 petitioner not only
must identify the specific acts or omissions of counsel that are alleged not
to have been the result of reasonable professional judgment, but also must
plead specific facts indicating that he or she was prejudiced by the acts or
omissions, i.e., facts indicating that there is a reasonable probability that,
but for counsel's unprofessional errors, the result of the proceeding would
have been different. A bare allegation that prejudice occurred without
specific facts indicating how the petitioner was prejudiced is not sufficient.

It is important to note that when a court reviews a postconviction
claim for relief based on ineffective assistance of counsel, the court must
indulge a strong presumption that counsel's conduct falls within the wide
range of reasonable professional assistance. Strickland v. Washington
makes clear that an error by counsel, even if professionally unreasonable,
does not warrant setting aside the judgment of a criminal proceeding if the
error had no effect on the judgment.

Petitioner has failed to meet the Strickland test, therefore his claims
should fail. Petitioner has failed to show that his trial counsel's
performance was deficient. Petitioner has also failed to show that there was
a reasonable probability that, but for his counsel's errors, the results of the
proceedings would have been different. Petitioner was determined to be
indigent and this Court appointed Claude Patton, Esq. to represent him
regarding this matter. Mr. Patton has primarily practiced criminal defense
work for approximately 20 years. Mr. Patton was provided discovery in this

matter and after thoroughly reviewing the discovery, determined that he needed additional information.

Mr. Patton filed a motion for an unredacted narrative, which was granted. Mr. Patton testified he saw no double jeopardy issues and was unaware of any fabrication on the part of either the victim or the detective. Mr. Patton nor this Court is aware of any practice of taking the deposition of witnesses in a criminal matter or sequester witnesses. Petitioner failed to provide this Court with any information regarding the types of pleadings Mr. Patton should have filed. Mr. Patton vigorously advocated on the part of the Petitioner throughout the trial and sentencing. Mr. Patton conducted a thorough investigation into this matter. There was no legal basis to object to the consolidation of these cases as well as no basis to question the qualification of the state's witness Dr. John Shriner. Mr. Patton thoroughly cross examined the minor victim in this matter. Mr. Patton had no legal basis to object to the Court's jury instructions. This Court finds based on its observations of Mr. Patton during the criminal trial of this matter and after testimony during this hearing, that Mr. Patton provided Petitioner with effective assistance of counsel and Petitioner's claims are without merit.

Petitioner retained Joseph Quinlivan, Esq. to handle the appeal. Mr. Quinlivan has been practicing law for approximately 40 years focusing primarily on criminal defense. Mr. Quinlivan reviewed the transcript of the trial in this matter in his preparation of the Petitioner's appeal. Mr. Quinlivan testified he found no discrepancies in the jury oath, nothing wrong with the consolidation of the cases for trial, and nothing wrong with the jury instructions. Petitioner did not provide this Court with any facts to substantiate his claims of ineffective assistance of appellate Counsel. Therefore, Petitioner's claim is without merit. Petitioner provided this Court with no evidence to show that Mr. Patton's or Mr. Quinlivan's performance was deficient nor that he was prejudiced by the alleged deficient performances under Strickland v. Washington. Therefore, this Court finds that both Mr. Patton and Mr. Quinlivan provided effective assistance of counsel.

Petitioner's claim his conviction was obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to him is also without merit. Petitioner failed to provide this Court with any evidence which showed that the unredacted narrative was favorable to him or any other facts which would substantiate this bare allegation. In fact, the narrative Petitioner complains of was provided following a motion filed by Mr. Patton. Therefore this claim is without merit and directly refuted by the record.

Petitioner also failed to provide this Court with any facts to substantiate his claims of vindictive prosecution, conviction obtained by the knowing use of perjured testimony, the prosecutor's repeated reference to inadmissible evidence, the erroneous admission of expert evidence by Dr. John Shriner, and the Court's consolidation of the Rape First Degree and Sexual Abuse cases.

Petitioner presented no facts to substantiate his claim that he was denied the right to confront his accusers. Petitioner offered this Court no questions that he wanted to ask, nor any facts which would show that the outcome of the trial would've been different had the questions been asked. Petitioner's contention that this Court exceeded its discretion by not allowing him to testify is completely refuted by the record. Petitioner in fact testified at the trial of this matter. Petitioner's claim that this Court was without jurisdiction to render the judgment or to impose the sentence because the oath was not administered is a nonjurisdictional allegation. Thus, it is precluded. Additionally, Petitioner presented no facts to substantiate this claim. Petitioner's assertions that he is actually innocent of the crime are without merit because Petitioner failed to provide this Court with any facts to substantiate the claim.

(*Id.* at 2-5 (internal citations, quotation marks and brackets omitted). Robertson filed written notice of appeal on July 30, 2009. (Doc. 12, Exhibit A, PETITIONER'S NOTICE OF APPEAL)

4.    On March 19, 2010, the Alabama Court of Criminal Appeals affirmed the trial court's judgment denying Robertson's Rule 32 petition by memorandum opinion. (Doc. 12, Exhibit D)

On appeal, Robertson abandons several of the claims which he presented in his petition. We will not consider these claims on appeal. However, Robertson does present the following claims in his brief on appeal:

1) That he received the ineffective assistance of trial counsel because his trial counsel did not make a motion to dismiss on Double Jeopardy grounds;

2) That he received the ineffective assistance of trial counsel because his trial counsel did not object to the consolidation of the cases against him; and

3) That he could prove his actual innocence based on his argument presented in his amended petition that his penis was so large that he would have caused "extensive" physical damage to the victim.

## I. and II.

Initially we note that an ineffective assistance of counsel claim is not jurisdictional; therefore, it is subject to the limitations period in Rule 32.2(c). Here, the certificate of judgment in Robertson's direct appeal issued on August 11, 2006, and Robertson filed this petition in December of 2008, which is outside of the time limitations of Rule 32.2(c), rendering Robertson's petition time-barred.

Moreover, we note that to prevail on a claim of ineffective assistance of counsel, the petitioner must ultimately prove that (1) counsel's performance was deficient and (2) that the deficient performance actually prejudiced the defense. Here Robertson has failed to meet this burden. With regard to Robertson's Double Jeopardy claim, this Court explained to Robertson in his direct appeal that his convictions do not violate Double Jeopardy; therefore, his trial counsel was not deficient for failing to make a motion to dismiss on those grounds. Further, the Honorable Joseph S. Johnston presided over both Robertson's trial and evidentiary hearing and found that Robertson did not present any error in the consolidation of the cases. Judge Johnston presumably would have overruled an objection to the consolidation or denied a motion to sever, had Robertson's trial counsel made one, because the two charges involved testimony from the same victim and witnesses and arose from the same set of facts. Finally, Robertson has failed to show how either of these alleged "errors" by his trial counsel prejudiced his defense.

## III.

As to Robertson's third argument, Robertson failed to show or allege that these facts were newly discovered evidence which was not known to him at the time of trial. To establish a claim based on newly discovered evidence, Robertson must show that the facts relied upon were not known by the petitioner or the petitioner's counsel at the time of trial or sentencing or in time to file a posttrial motion pursuant to Rule 24, or in time to be

included in any previous collateral proceeding and could not have been discovered by any of those times though the exercise of reasonable diligence. Therefore, Robertson is not entitled to relief on this claim.

For the foregoing reasons, the judgment of the circuit court is due to be affirmed.

(*Id.* at 6-7 (internal citations, quotation marks and brackets omitted)) Robertson's petition for writ of certiorari to the Alabama Supreme Court was denied on June 18, 2010 and a certificate of final judgment was issued that same date. (Doc. 12, Exhibit E)

5.     Robertson filed the instant petition in this Court on or about July 15, 2010 (*see* Doc. 1, at 16) and from that document the undersigned discerns that petitioner raises the following claims which he contends entitle him to relief: (1) his trial attorney provided constitutionally ineffective assistance; and (2) the trial court deprived him of his right "to appeal" because during the Rule 32 evidentiary hearing the court did not allow him to make a showing of his actual innocence of rape (*id.* at 13-15).

6.     In answer to the petition, the respondent contends that Robertson's federal habeas petition comes too late and is time-barred under 28 U.S.C. § 2244(d). (Doc. 12, at 6-8) Robertson was extended the opportunity to respond to the respondent's statute-of-limitations defense (*see* Doc. 13) and, on November 2, 2010 requested an additional 90 days to expand the record and present evidence related to his claim of actual innocence (Doc. 14). The undersigned granted petitioner's request and actually extended to Robertson a period of over one hundred (100) days, to February 18, 2011, to expand the record (Doc. 15). To date, however, this Court has received no further communication from Robertson.

# CONCLUSIONS OF LAW

**A.**     **Statute of Limitations.**

1.     The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA")
was enacted on April 24, 1996 and, pertinent to this case, added a new subdivision to 28
U.S.C. § 2244 providing for a one-year period of limitations within which state prisoners
must file their habeas corpus petitions pursuant to 28 U.S.C. § 2254. *Wilcox v. Florida
Dept. of Corrections*, 158 F.3d 1209, 1210 (11th Cir. 1998).

> (d)(1) A 1-year period of limitation shall apply to an application for
> a writ of habeas corpus by a person in custody pursuant to the
> judgment of a State court. The limitation period shall run from the
> latest of—
>
>> (A) the date on which the judgment became
>> final by the conclusion of direct review or the
>> expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing
>> an application created by State action in violation of
>> the Constitution or laws of the United States is
>> removed, if the applicant was prevented from filing by
>> such State action;
>>
>> (C) the date on which the constitutional right
>> asserted was initially recognized by the Supreme
>> Court, if the right has been newly recognized by the
>> Supreme Court and made retroactively applicable to
>> cases on collateral review; or
>>
>> (D) the date on which the factual predicate of
>> the claim or claims presented could have been
>> discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State
> post-conviction or other collateral review with respect to the
> pertinent judgment or claim is pending shall not be counted toward
> any period of limitation under this subsection. 28 U.S.C. § 2244(d).

2.     Subsections (B), (C), and (D) of § 2244(d)(1) clearly do not apply to petitioner's case and therefore, the timeliness of Robertson's petition must be calculated under § 2244(d)(1)(A) based upon the date on which his first-degree rape and first-degree sexual abuse convictions became final.   "For prisoners whose convictions became final prior to the effective date of the AEDPA, the one-year statute of limitations instituted by the AEDPA began to run on its effective date, i.e., April 24, 1996." *Guenther v. Holt*, 173 F.3d 1328, 1331 (11th Cir. 1999) (citations omitted), *cert. denied*, 528 U.S. 1085, 120 S.Ct. 811, 145 L.Ed.2d 683 (2000). This rule from *Guenther* is obviously not applicable in this case since Robertson's conviction became final in 2006.

3.     Section 2244(d)(1)(A) specifically provides that the one-year limitations period will run from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review[.]" In *Bond v. Moore*, 309 F.3d 770 (2002) and *Jackson v. Secretary for the Department of Corrections*, 292 F.3d 1347 (2002), the Eleventh Circuit joined the majority of circuits regarding the meaning of subsection (A) and held that the statute of limitations period contained in 28 U.S.C. § 2244(d) does not begin to run "until the 90-day window during which Appellant could have petitioned the United States Supreme Court for a writ of certiorari expired." 309 F.3d at 771; *see also id.* at 774 ("Appellant was entitled to file a petition for a writ of certiorari in the United States Supreme Court within 90 days of the entry of the judgment against him by the Florida Supreme Court. Sup.Ct.R. 13.1. The statute of limitations under 28 U.S.C. § 2244(d) should not have begun to run until this 90-day window had

expired. Appellant's state judgment became final on December 13, 1996, when the Florida Supreme Court denied Appellant's motion for a rehearing. The statute of limitations should have begun to run, therefore, on March 13, 1997."); *Jackson, supra*, 292 F.3d at 1348-1349 & 1349 ("While we have not directly dealt with the issue in the context of a section 2254 petition, we indicated in dicta that, under the AEDPA, a state prisoner may have the benefit of the 90-day window before his conviction is considered final. . . . In the instant case, the Fourth District Court of Appeals of Florida [] affirmed Jackson's conviction on October 17, 1997. Giving Jackson the extra 90 days in which he could have filed for certiorari to the Supreme Court, Jackson's conviction became final at the latest on January 15, 1998."); *see Pugh v. Smith,* 465 F.3d 1295, 1299 (11th Cir. 2006) (AEDPA's one-year statute of limitations "allows a prisoner the time to seek direct review in the Supreme Court of the United States."); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) ("Under the statute, a petitioner's conviction is not final and the one-year limitation period for filing a federal habeas petition does not begin to run until--following a decision by the state court of last resort--'after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed.'"); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) ("[T]he one-year statute of limitations does not begin to run until the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired. A criminal defendant has only ninety days following the entry of judgment by the 'state court of last resort' in which to file a petition for a writ of certiorari."); *United States v. Torres*, 211 F.3d 836, 839-840 (4th Cir. 2000) ("In § 2244,

Congress specifically stated that the one-year limitation period will run from the time that a state judgment becomes final 'by the conclusion of direct review or the expiration of the time for seeking such review.' . . . In using this phrase, Congress offered two dates from which its one-year limitation period can begin running: (1) at the conclusion of direct review or (2) at the expiration of time in which further direct review could have been sought, but was not. Congress, therefore, expressly provided an alternative starting date for its limitation period in the circumstance where a state defendant fails to seek further direct review of his conviction. The language Congress used, 'by the conclusion of direct review or the expiration of the time for seeking such review,' expands the period of time before the start of the limitation period for filing a habeas petition beyond the date that marks the conclusion of direct review of that judgment."); *Bowen v. Roe,* 188 F.3d 1157, 1158-1159 (9th Cir. 1999) ("We hold that the period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. Therefore, when a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires."). Under the facts of this case, as represented by the respondent, this Court need add the ninety days contemplated by Supreme Court Rule 13.1 since petitioner apparently appealed his case to Alabama's court of last resort on his direct appeal as of right. The certificate of judgment of final affirmance was issued in this case on August 11, 2006. Ninety days

added to this date renders a beginning date for petitioner's statute of limitations of November 9, 2006.

4.      Robertson's one-year period of limitations under AEDPA began to run on November 9, 2006 and expired on November 9, 2007. Petitioner is unable to take advantage of the tolling provision built into § 2244(d), 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."); *Guenther, supra*, 173 F.3d at 1331 ("'The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation in [subsection (d)].'"); *cf. Coates v. Byrd*, 211 F.3d 1225, 1227 (11th Cir. 2000) ("We agree with the Tenth and Fifth Circuits that the time during which a petition for writ of certiorari is pending, or could have been filed, following the denial of collateral relief in the state courts, is not to be subtracted from the running of time for 28 U.S.C. § 2244(d)(1) statute of limitations purposes."), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129, 148 L.Ed.2d 995 (2001), because he filed his Rule 32 state collateral attack on his conviction and sentence following the expiration of the limitations period. *Compare McCloud v. Hooks,* 560 F.3d 1223, 1227 (11th Cir. 2009) ("While a Rule 32 petition is a tolling motion under § 2244(d)(2), it cannot toll the one-year limitations period if that period has expired prior to filing the Rule 32 petition.") *with Howell v. Crosby,* 415 F.3d 1250, 1251 (11th Cir. 2005) ("On March 19, 1999, Howell's attorney filed a motion for an extension of time within which to file a petition

for postconviction relief. That motion was granted and Howell's attorney filed a state petition for postconviction relief  on August 30, 1999, more than two months after the federal limitations period elapsed. It is undisputed that Howell's motion for an extension of time did not meet the criteria of section 2244(d)(2) as a 'properly filed application' for postconviction relief."), *cert. denied*, 546 U.S. 1108, 126 S.Ct. 1059, 163 L.Ed.2d 885 (2006), *and Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like Webster's that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000); *see also Pace v. DiGuglielmo,* 544 U.S. 408, 413, 125 S.Ct. 1807, 1811-1812, 161 L.Ed.2d 669 (2005) ("As in *Artuz*, we are guided by the 'common usage' and 'commo[n] underst[anding]' of the phrase 'properly filed.' In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more 'properly filed' than a petition filed after a time limit that permits no exceptions. The purpose of AEDPA's statute of limitations confirms this commonsense reading. On petitioner's theory, a state prisoner could toll the statute of limitations at will by filing untimely state postconviction petitions. This would turn § 2244(d)(2) into a *de facto* extension mechanism, quite contrary to the purpose of AEDPA, and open the door to abusive delay."). Accordingly, the only avenue by which this Court can consider the merits of petitioner's § 2254 petition is by finding that he is entitled to equitable tolling of AEDPA's one-year limitations period.

5.     Recently, in *Holland v. Florida*, 560 U.S. __, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010), the Supreme Court specifically held, for the first time, that "§ 2244(d) is subject to equitable tolling in appropriate cases[,]" *id.* at ___, 130 S.Ct. at 2560, and reiterated "that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at __, 130 S.Ct. at 2562. For its part, the Eleventh Circuit has long embraced the doctrine of equitable tolling with regard to the one-year limitations period at issue:   "Equitable tolling is to be applied when '"extraordinary circumstances" have worked to prevent an otherwise diligent petitioner from timely filing his petition.' . . . Thus, the petitioner must show both extraordinary circumstances and due diligence in order to be entitled to equitable tolling." *Diaz v. Secretary for the Dept. of Corrections*, 362 F.3d 698, 700-701 (11th Cir. 2004) (citation omitted). "Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000) (citation omitted).  Thus, the one-year limitations provision need not be equitably tolled unless there is evidence that "extraordinary circumstances" beyond petitioner's control made it impossible for him to file his petition on time.  *See Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 618-619 (3rd Cir. 1998) ("[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' . . . Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented

from asserting his or her rights.' . . . The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' . . . Mere excusable neglect is not sufficient."); *Calderon v. United States District Court for the Central District of California*, 128 F.3d 1283, 1288 (9th Cir. 1997) ("Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time."), *cert. denied*, 522 U.S. 1099, 118 S.Ct. 899, 139 L.Ed.2d 884 (1998) and *cert. denied sub nom. Beeler v. Calderon*, 523 U.S. 1061, 118 S.Ct. 1389, 140 L.Ed.2d 648 (1998). The Supreme Court in *Holland* indicated that "[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence[,]" *id.* at ___, 130 S.Ct. at 2565, and gave the following guidance with respect to "extraordinary circumstances":

> We have previously held that "a garden variety claim of excusable neglect," such as a simple "miscalculation" that leads a lawyer to miss a filing deadline, does not warrant equitable tolling. But the case before us does not involve, and we are not considering, a "garden variety claim" of attorney negligence. Rather, the facts of this case present far more serious instances of attorney misconduct. And, as we have said, although the circumstances of a case must be "extraordinary" before equitable tolling can be applied, we hold that such circumstances are not limited to those that satisfy the test that the Court of Appeals used in this case.

> The record facts that we have set forth in Part I of this opinion suggest that this case may well be an "extraordinary" instance in which petitioner's attorney's conduct constituted far more than "garden variety" or "excusable neglect." To be sure, Collins failed to file Holland's petition on time and appears to have been unaware of the date on which the limitations period expired-two facts that, alone, might suggest simple negligence. But, in these circumstances, the record facts we have elucidated suggest that the failure amounted

to more: Here, Collins failed to file Holland's federal petition on time despite Holland's many letters that repeatedly emphasized the importance of his doing so. Collins apparently did not do the research necessary to find out the proper filing date, despite Holland's letters that went so far as to identify the applicable legal rules. Collins failed to inform Holland in a timely manner about the crucial fact that the Florida Supreme Court had decided his case, again despite Holland's many pleas for that information. And Collins failed to communicate with his client over a period of years, despite various pleas from Holland that Collins respond to his letters.

*Id.* at ___, 130 S.Ct. at 2564.

6.      In this case, petitioner has not established that the instant habeas corpus petition was timely filed nor has he established that extraordinary circumstances and due diligence counsel equitable tolling of the limitations period. *See Spottsville v. Terry*, 476 F.3d 1241, 1245 (11th Cir. 2007) ("'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner[.]'"). Petitioner makes no argument that he was ignorant of the one-year limitations period.[3]  Instead, he simply contends that the one-year limitations period is inapplicable to his case since he is factually and

---

[3]      In truth, such an argument would not serve as a basis to equitably toll the limitations period. *Gardner v. Walker*, 2005 WL 1127137, *1 (M.D. Ga. 2005) ("'Ignorance of the law is no excuse; it is not a reason for equitable tolling.' . . . Here, Petitioner's Objection is without merit because his ignorance of AEDPA's limitations period fails to amount to 'extraordinary circumstance[s]' for equitable tolling purposes."); *see also Burton v. Deloach,* 2008 WL 2131398, *2 (M.D. Ala. March 13, 2008) ("The law is well settled that an inmate's lack of legal knowledge, his failure to understand legal principles and/or the inability to recognize potential claims for relief at an earlier juncture do not constitute extraordinary circumstances sufficient to warrant equitable tolling of the limitation period."), *report & recommendation adopted by Burton v. Deloach,* 2008 WL 2131395 (M.D. Ala. May 20, 2008); *see Teel v. Farrell*, 2006 WL 1148817, *4 (M.D. Ala. April 28, 2006) ("[A]n inmate's status as a pro se litigant does not warrant equitable tolling.").

actually innocent of first-degree rape (*compare* Doc. 1, at 12 *with id*. at 14), an issue to which the Court now turns.

7.     Robertson implicitly agues in his petition that the one-year limitations period should be equitably tolled since he is actually innocent of first-degree rape. (*See* Doc. 1, at 14 ("Robertson avers that the State's medical witness testified [at] trial that when the alleged victim was 11½ years old he had to use a microscope which magnified her vagina 15 times for examination purposes. Said examination revealed a normal vagina opening of 10-15 mm in diameter, and an intact hymen, considering her age and physical development at the time of the examination for alleged prior sexual abuse. Robertson asserts that had the trial court entertained his claim of factual and actual innocence during the Rule 32 evidentiary hearing, he could have proven that his penis is 44 mm in diameter, thereby making it anatomically and physically impossible that the alleged victim was raped.")) Although the Eleventh Circuit has not yet decided "whether a showing of actual innocence is an exception to the one-year statute of limitations in AEDPA[,]" *Ray v. Mitchem*, 272 Fed.Appx. 807, 810 n.2 (11th Cir.), *cert. denied*, U.S. ___, 129 S.Ct. 204, 172 L.Ed.2d 170 (2008), it has guided courts to make the actual innocence inquiry as opposed to "addressing the difficult constitutional question of whether the limitations period constitutes a violation of the Suspension Clause if the petitioner can show actual innocence[.]" *Id*. To be credible, a claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup v. Delo,* 513 U.S.

298, 324, 115 S.Ct. 851, 865, 130 L.Ed.2d 808 (1995); *see also id.* at 327, 115 S.Ct. at 867 ("To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."). Robertson has not come forward with any new reliable evidence which establishes his actual innocence of first-degree rape and thereby undermines that particular conviction. Petitioner's unsworn statements about the size of his penis, along with record evidence of the size of the victim's vagina, is not enough to undermine his rape conviction without concomitant scientific evidence establishing that it would have been, as petitioner alleges, physically and anatomically impossible for him to have penetrated the victim.[4] Accordingly, Robertson's federal habeas petition is time-barred. *Cf. Justo v. Culliver*, 317 Fed.Appx. 878, 881 (11th Cir. 2008) ("Justo fails to show actual innocence to the offense to which he pleaded guilty. No error has been shown in the dismissal of Justo's habeas petition as time-barred.").

---

[4] Even this type evidence would not "carry the day" for petitioner. This is because, under Alabama law, "[s]exual intercourse means any penetration, however slight, of the male sex organ into the female sex organ[]" and "[t]he victim's testimony alone can establish a prima facie case of rape." *Lockett v. State*, 518 So.2d 877, 878 (Ala.Crim.App. 1987). In addition, "[w]hether there was actual penetration, 'some degree of entrance of the male organ [of the defendant] within the labia pudendum [of the victim],' is a question of fact for the jury[,]" and "'does not have to be proved by the use of any particular words.'" *Swain v. State*, 629 So.2d 699, 700 & 700-701 (Ala. 1993) (citations omitted). In light of B.W.'s testimony that Robertson inserted his penis in her vagina and it hurt, *see Swain*, 629 So.2d at 701 ("[W]e find that the victim's testimony that Swain had 'stuck' his penis between her legs and that it hurt is sufficient evidence from which the jury could have inferred that Swain had actually penetrated the victim's labia pudendum."), and the testimony of a pediatrician specializing in child abuse that B.W. had tearing and scarring of her hymen consistent with intercourse (*see* Doc. 12, Exhibit F, at 2), it is clear that petitioner cannot establish his actual innocence of first-degree rape.

8. Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); *see Miller-El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Inasmuch as petitioner implicitly admitted when he filed this habeas petition that same was untimely filed (*see* Doc. 1, at 12) and equitable tolling is an extraordinary remedy which the Eleventh Circuit has rarely granted, *see Diaz, supra*, 362 F.3d at 701 ("[T]his court has rejected most

claims for equitable tolling."), a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Robertson should be allowed to proceed further, *Slack, supra*, 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

9.     Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.  *See, e.g., Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report & recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D.Fla. Oct. 5, 2010).

## CONCLUSION

The Magistrate Judge recommends that Ronald Wayne Robertson's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed as time-barred under § 2244(d). Petitioner is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate

Judge.

**DONE** this the 24th day of February, 2011.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to  do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[5] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.   Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[5]      Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).